# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SUSAN M. BORN,

          Plaintiff,

v.

MILWAUKEE COUNTY, UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, and STATE OF WISCONSIN EQUAL RIGHTS DIVISION,

          Defendants.

Case No. 17-CV-1783-JPS

**ORDER**

      Plaintiff filed a *pro se* complaint for alleged violations of her various rights. (Docket #1). This matter comes before the court on Plaintiff's motion for leave to proceed *in forma pauperis*. (Docket #2). In order to allow a plaintiff to proceed without paying the filing fee, the Court must first decide whether the plaintiff has the ability to pay the fee. 28 U.S.C. §§ 1915(a). Plaintiff avers that she earns no salary and collects a monthly pension of approximately $1,500. (Docket #2 at 2). Plaintiff's expenses exceed $2,500. *Id.* at 2-3. Plaintiff's sworn statements reveal that she would be unable "to provide h[er]self . . . with the necessities of life" if required to pay the $400.00 filing fee in this matter. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The Court will therefore grant her motion for leave to proceed *in forma pauperis*.

      However, notwithstanding the payment of any filing fee, the Court must dismiss the complaint of a person proceeding *in forma pauperis* if it

raises claims that are "frivolous or malicious," which fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations

"must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that Defendant Milwaukee County (the "County") and "various employees" thereof violated her rights as a disabled person, to "equal pay for equal work," to overtime, to "be free of harassment [and] humiliation at work," and to "health [and] safety." (Docket #1 at 2-3). Plaintiff further alleges that the Defendant United States Equal Employment Opportunity Commission ("EEOC") and its investigator Shannon Lemke (not a named defendant) failed to appropriately investigate her complaints against the County. *Id.* at 3. Finally, Plaintiff maintains that the "State EEOC," here the Defendant State of Wisconsin Equal Rights Division ("ERD"), is also somehow responsible for the inadequate investigation. *Id.*

Plaintiff's complaint fails to state any viable claims for relief. Plaintiff pleads only legal conclusions about the County's conduct. While she need not supply an extensive factual basis for her claims, the complete lack of facts means that Plaintiff has offered no well-pleaded allegations which

may be presumed true. *Iqbal*, 556 U.S. at 679. Likewise, the Court has no ability to determine whether such facts would "plausibly give rise to an entitlement to relief." *Id*. Properly pleaded facts would illuminate whether Plaintiff has stated claims pursuant to various federal laws, including the Americans with Disabilities Act, the Fair Labor Standards Act, or Title VII's anti-harassment provisions. They might also raise concerns about procedural issues, such as the statute of limitations. Plaintiff references various periods for the alleged wrongful conduct, from "the early 1990s," to "2010-2015," and "particularly 2013-2015." (Docket #1 at 4).

As to the other defendants, Plaintiff may not proceed regardless of any increased factual specificity. Both the EEOC and ERD are arms of the federal and Wisconsin governments, respectively. As such, they enjoy sovereign immunity and cannot be sued in federal court without affirmatively waiving that immunity. *United States v. Mitchell*, 445 U.S. 535, 548 (1980); *Benning v. Bd. of Regents of Regency Univ.*, 928 F.2d 775, 777 (7th Cir. 1991). The Court is not aware of any such waiver under the circumstances of this case. The EEOC and ERD must, therefore, be dismissed from this action.

The Court will afford Plaintiff an opportunity to amend her complaint to cure the deficiencies described in this Order. If she wishes to proceed, she must file an amended complaint on or before **January 30, 2018**. Failure to file an amended complaint within this time period will result in dismissal of this action. Civ. L. R. 41(c).

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of*

*Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Court of Appeals emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, the Court will screen it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to *proceed in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants United States Equal Employment Opportunity Commission and State of Wisconsin Equal Rights Division be and the same are hereby **DISMISSED** from this action; and

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint in accordance with the terms of this Order on or before **January 30, 2018**, or this action will be dismissed without prejudice for her failure to prosecute it.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge