# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SUSAN M. BORN,

        Plaintiff,

v.

MILWAUKEE COUNTY,

        Defendant.

Case No. 17-CV-1783-JPS

**ORDER**

      Plaintiff filed this action on December 21, 2017, making wide-ranging allegations about a disability and being underpaid for overtime work. (Docket #1). On January 9, 2018, the Court screened her complaint and ordered her to amend her pleading to offer more precise factual allegations which might state claims for relief. (Docket #3). She did so on January 30, 2018. (Docket #4). Though the Court had reservations about her amended complaint, the Court believed that the best course was to allow Plaintiff to proceed and let Defendant file any dispositive motions it felt were appropriate. (Docket #5).

      Defendant did indeed file a motion to dismiss on May 25, 2018. (Docket #11). The Court previously noted that Plaintiff's allegations invoked the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a). (Docket #5 at 1). As to the ADA, Defendant argues that Plaintiff's failure to identify a specific disability dooms the claim. (Docket #12 at 2–3); *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345–46 (7th Cir. 2015). As to the FLSA, Defendant asserts that the amended complaint is so short on specifics about when and how Plaintiff was underpaid that the claim falls below the minimum level

of plausibility. (Docket #12 at 3–5); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.] . . . [A complaint must state] enough facts to state a claim to relief that is plausible on its face.").

Plaintiff's response brief does not address Defendant's legal arguments. Instead, it is a winding narrative spanning many years of alleged mistreatment at the hands of Defendant. *See generally* (Docket #19). Defendant urges the Court to disregard Plaintiff's factual recitations in her brief, and it is correct to do so. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss. . . . [C]onsideration of a motion to dismiss is limited to the pleadings."). Based on the allegations of the amended complaint itself, the Court is obliged to grant Defendant's motion and dismiss Plaintiff's pleading.

Defendant's submissions suggest that the Court's dismissal should be with prejudice and without granting Plaintiff leave to amend. The Court disagrees that this is the appropriate course. The Seventh Circuit has strongly emphasized that leave to amend should be given after a first motion to dismiss is granted. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & N.W. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). This is particularly important when dealing with a *pro se* litigant. The Court will, therefore, give Plaintiff one final opportunity to present a viable complaint. As the Court previously instructed Plaintiff, an amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

The Court offers further advice to Plaintiff regarding a second amended complaint, should she choose to file one. A complaint in the form of her response brief would not be ideal. Rather than telling a story in a narrative style, Plaintiff should state short, direct factual propositions about who allegedly violated her rights, how they did it, and when. For her assistance, the Court will send Plaintiff another copy of this District's complaint form for *pro se* litigants. Plaintiff must file her second amended complaint by **August 2, 2018**. If she does not, this action will be dismissed with prejudice. The Court preemptively warns Plaintiff that it will not consider any requests to extend this deadline.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Docket #11) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's first amended complaint (Docket #4) be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file a second amended complaint in accordance with the terms of this Order on or before **August 2, 2018**.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge